IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER ROSS THURSTON, </br></br> Petitioner, </br></br> vs. </br></br> STATE OF HAWAII, </br></br> Respondent. | CIV. NO. 13-00256 DKW/BMK </br></br> ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

**ORDER DISMISSING PETITION AND DENYING
CERTIFICATE OF APPEALABILITY**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, brought on behalf of Christopher Ross Thurston ("Christopher") by his father, Rick Thurston ("Mr. Thurston"). The Petition challenges Christopher's extradition from Utah to Hawaii relating to charges filed against him in the Circuit Court of the First Circuit, State of Hawaii. *See State v. Thurston*, 1PC 13-1-000469, publicly available at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki (last visited May 29, 2013), Hawai'i State Judiciary's Public Access to Court

1

Information.[1]  Mr. Thurston seeks dismissal of the pending state charges against Christopher, his immediate release from custody, and transportation back to Utah.

The Petition is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[2] and all pending motions are DENIED.  A certificate of appealability is DENIED.

## I. BACKGROUND

On April 9, 2013, the Sheriff of Davis County, Utah, allegedly arrested Christopher without a warrant and held him at the Davis County Correctional Facility.  *See* Pet., ECF No. 1 PageID #4 (Ground One).  Although he challenged his arrest, detention, and pending extradition in the Second District Court, State of Utah, Christopher was extradited to Hawaii on May 1, 2013.  *Id.* PageID #3.

//

---

[1] Christopher was indicted by an Oahu Grand Jury on April 3, 2013 on twelve felony charges: six counts of Robbery in the First Degree, in violation of Haw. Rev. Stat. § 708-0840(1)(b);  and six counts of Kidnapping, in violation of Haw. Rev. Stat. § 707-0720(1)(e).

[2] Rule 4 applies to petitions brought under § 2241. *See e.g.*, *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241); *United States v. Recinos-Gallegos*, 151 F. Supp. 2d 659 (D. Md. 2001) (dismissing petition construed as falling under § 2241 pursuant to Rule 4).  *See also* Rule 1(b) of the 2254 Rules.

On or about May 9, 2013, Mr. Thurston sought habeas relief in the United States District Court for the Northern District of Utah on Christopher's behalf.  *See* Attach., ECF No. 2-2 PageId #24-31 (*Thurston v. State*, Civ. No. 13-00070, Order, ECF No. 5 (D. Utah 2013) ("COMES NOW Rick Thurston, Father and next best friend").  That petition was dismissed on May 28, 2013.

Mr. Thurston commenced the present action in this court on Christopher's behalf, on May 21, 2013, again apparently under the "next friend" doctrine.  *See* Pet. ECF No. 1 (signed by "Rick F. Thurston").  Christopher is currently confined at the Oahu Community Correctional Center ("OCCC").

## II.  LEGAL STANDARDS

"Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (applying § 2241 to petitioner awaiting extradition); *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008)  (*en banc*); *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

Although it is well established that individuals have a federal right to challenge their extradition by petition for writ of habeas corpus, *see, e.g., Roberts v. Reilly*, 116 U.S. 80 (1885), the scope of such review is narrow.  Interstate

extradition is intended to be "a summary and mandatory executive proceeding." *Michigan v. Doran*, 439 U.S. 282, 288 (1978). Once extradition is granted, a court may only consider

> (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Doran*, 439 U.S. at 289.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a federal district court can dismiss a habeas corpus petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254; *see also Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *see also* 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

**A.  Next Friend Doctrine**

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242 (emphasis added). In *Whitmore v. Arkansas*, the

Supreme Court held that petitions brought by a "next friend" must comply with "two firm prerequisites:" (1) an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his or her own behalf to prosecute the action; and (2) a showing that the next friend is "truly dedicated to the best interests of the person the Next Friend seeks to represent." 495 U.S. 149, 163 (1990).

Mr. Thurston, as Christopher's father, apparently meets the second *Whitmore* requirement. He fails to meet the first, however, because he provides no explanation why Christopher is unable to litigate this action on his own behalf. Mr. Thurston affirmatively represents that Christopher is a father and held gainful employment before he was extradited to Hawaii, suggesting that Christopher is an adult who is capable of pursuing an action on his own behalf. *See* Pet. ECF No. 1 PageId #14. Moreover, Christopher initiated his own request for relief in the Utah state court, apparently without requiring his father to act as "next friend." *See* Civ. No. 13-00070 TC (D. Utah 2013), ECF No. 4. Mr. Thurston has not demonstrated he has standing to pursue this action on his adult son's behalf.

**B. The Petition is Moot**

Even if the court found that Mr. Thurston has standing to pursue this action on his Christopher's behalf, the Petition is still subject to summary

dismissal. Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

"Once [a] fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997); *Harden v. Pataki*, 320 F.3d 1289, 1298-99 (11th Cir. 2003) (holding that, while habeas relief is mooted by the extradition, a civil rights action against the asylum state's officers who effected the extradition could proceed); *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (*per curiam*); *Burrell v. Morgan*, 2013 WL 2124172 *1 (D. Del. May 14, 2013); *Perry v. Brothers*, 2012 WL 1533861 *2 (D.N.J. Apr. 30, 2012). Because Christopher has been returned to Hawaii, the demanding state, this court

must summarily dismiss as moot the instant petition challenging his extradition. Additionally, the court finds no violation of the Constitution. Christopher Ross Thurston is charged with crimes in Hawaii, and is being processed accordingly. If he seeks to challenge his criminal charges or convictions, he must do so first in the Hawaii state courts, and then, if applicable, under 28 U.S.C. § 2254, after exhaustion of his state court remedies.

## II.  CONCLUSION

(1)  The Petition and action are DISMISSED without prejudice.

(2)  The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2254, foll. Rule 11(a).

(3) The Clerk of Court shall note that Christopher Ross Thurston is incarcerated at the Oahu Community Correctional Center, add that facility to the record, and send a copy of this Order to both Christopher Ross Thurston at the Oahu Community Correctional Center, and to Mr. Rick Thurston, at 169 West Center, Bountiful, UT 84010.  The Clerk is further DIRECTED to terminate this action.

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 12, 2013.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge